J-A17024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMANTHA ALLISON MCMUNN | : | |
| | : | |
| Appellant | : | No. 1358 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 20, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006863-2023

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                   **FILED:  August 14, 2025**

Samatha Allison McMunn ("McMunn") appeals from the judgment of sentence imposed following the entry of her guilty plea to involuntary manslaughter.[1]  Upon review, we affirm.

The underlying facts are tragic and largely undisputed.  In 2023, police and paramedics responded to a 911 call from McMunn's residence where they found her five-year-old daughter ("the decedent") unresponsive.  At the time, McMunn was living with her mother, two toddler sons, and the decedent. Emergency responders transported the decedent to the hospital, where she was pronounced dead.  An autopsy later determined the cause of death to be methadone toxicity resulting from a fatal overdose.  During police interviews, McMunn admitted that she was receiving methadone treatment for opioid

---

[1] *See* 18 Pa.C.S.A. § 2504(a).

addiction and had not properly secured her take-home doses the weekend prior to the decedent's death. Investigators subsequently discovered baby syringes in the home that tested positive for methadone. *See* Police Criminal Complaint, Affidavit of Probable Cause, 9/7/23, at 1-4. Consequently, Allegheny County Police charged McMunn with involuntary manslaughter and endangering the welfare of children.

On January 25, 2024, McMunn executed a written guilty plea colloquy, and the trial court thereafter conducted a plea hearing during which McMunn entered an open guilty plea to involuntary manslaughter, graded as a second-degree felony. *See* Guilty Plea Colloquy, 1/25/24, at unnumbered 1-11; *see also* N.T. (Guilty Plea), 1/25/24, at 2-10. During the hearing, McMunn agreed that the trial court could impose any sentence up to the statutory maximum of ten years. *See* N.T., 1/25/24, at 3-4; *see also* 18 Pa.C.S.A. § 1103(2) (providing that the statutory maximum sentence for a felony of the second degree is a term of imprisonment not to exceed ten years). In exchange for her plea, the Commonwealth withdrew the remaining charge. *See* N.T., 1/25/24, at 4. The trial court scheduled a sentencing hearing and ordered a pre-sentence investigation ("PSI") report.

On March 20, 2024, the trial court conducted a sentencing hearing. At the time of sentencing, the offense gravity score ("OGS") for involuntary manslaughter was eight, and McMunn's prior record score ("PRS") was one. *See* N.T. (Sentencing), 3/20/24, at 12; *see also* 204 Pa. Code § 303.15. The

standard guideline range for involuntary manslaughter based on the OGS and McMunn's PRS was twelve to eighteen months, plus or minus nine months for aggravating or mitigating circumstances. **See** Trial Court Opinion, 12/16/24, at 4; **see also** 204 Pa. Code § 303.16(a).

At the sentencing hearing, the trial court first heard mitigation testimony from the decedent's biological father. He stated that he had been in a relationship with McMunn for ten years, that she is the mother of his children, that she had remained clean, and that she began tapering off methadone following the decedent's death. McMunn then addressed the court on her own behalf, expressed remorse, and stated that she was making changes to prevent any similar incident in the future. The Commonwealth presented no witnesses or evidence. Finally, the trial court heard arguments from counsel. The Commonwealth cited aggravating factors, including methadone found in the home when it should not have been present, methadone residue on baby syringes, McMunn's failure to explain these circumstances, and a prior record of drug-related misdemeanors with probation for those convictions ending shortly before the decedent's death. **See** N.T., 3/20/24, at 7–12. The Commonwealth did not make a specific sentencing recommendation and deferred to the trial court's sentencing discretion. **See id**. at 12. Defense counsel requested a sentence in the mitigated range, citing McMunn's acceptance of responsibility through her guilty plea, her efforts to maintain

sobriety, and the three months she had already served in prison prior to sentencing. *See id*. at 13–19.

At the conclusion of the sentencing hearing, the trial court sentenced McMunn to a standard range term of eighteen to sixty months' imprisonment for involuntary manslaughter, with credit for time served, and other conditions, followed by a consecutive term of three years' probation. This sentence was within the standard range, albeit at the top of the standard range of the Sentencing Guidelines.[2]

On March 28, 2024, McMunn filed a timely post-sentence motion raising a boilerplate challenge to the discretionary aspects of her sentence, and a request for additional time to file a supplemental post-sentence motion after receiving the sentencing transcript. On April 25, 2024, McMunn filed an emergency motion for leave to file a supplemental post-sentence motion *nunc pro tunc*. That same day, McMunn simultaneously filed a separate supplemental post-sentence motion *nunc pro tunc* seeking a sentence modification and arguing that: (1) the trial court "failed to adequately consider

_____

[2] McMunn asserts that the maximum sentence imposed (*i.e.*, sixty months) was "more than double the aggravated range." McMunn's Brief at 25. However, in advancing this assertion, McMunn ignores the scope of the sentencing guidelines. As this Court has stated, "the sentencing guidelines provide for **minimum** and not maximum sentences." **Commonwealth v. Boyer**, 856 A.2d 149, 153 (Pa. Super. 2004) (emphasis added). Here, McMunn concedes that her minimum sentence falls at the top of the standard range. **See** McMunn's Brief at 25. Accordingly, her challenge to the length of the maximum sentence is without merit, as it does not, by itself, render the sentence unreasonable or unlawful.

[McMunn's] personal history, characteristics, and rehabilitative needs[;]" (2) her standard range sentence was "unreasonable, manifestly excessive, and contrary to the factors set forth under 42 Pa.C.S.[A.] §[§] 9721(b), . . . 9725, and the Sentencing Code generally[;]" and (3) the trial "improperly factored the age of the victim into the sentence. . . . [T]he sentencing guidelines take into account the age of the victim and this amounts to double counting." Supplemental *Nunc Pro Tunc* Post-Sentence Motion, 4/25/24, at 3-4.

On May 21, 2024, the trial court granted McMunn permission to file the supplemental post-sentence motion and directed her to file all post-sentence motions within forty-five days of the order.[3] Subsequently, on June 26, 2024, the trial court expressly granted McMunn's request to file the supplemental post-sentence motion *nunc pro tunc* and deemed her April 25, 2024, filing timely. The 120-day period for decision on McMunn's post-sentence motion expired on July 26, 2024. The trial court did not rule prior to this deadline, nor did the clerk of courts enter any order denying the post-sentence motions

---

[3] After the filing of a timely post-sentence motion, a defendant may file a supplemental post-sentence motion in the trial court's discretion as long as the decision on the supplemental post-sentence motion can be made in compliance with the 120-day time limit for ruling on such motions. **See** Pa.R.Crim.P. 720(B)(1)(b); **see also** Pa.R.Crim.P. 720(B)(3)(a) (requiring the trial court to enter its ruling on a post-sentence motion within 120 days of the filing of the motion). Here, the 120-day time period in which to rule on post-sentence motions was set to expire on July 26, 2024. Thus, as the trial court granted McMunn's request to file a supplemental post-sentence motion within this time period, the court was required to rule on the supplemental motion on or before July 26, 2024.

by operation of law. On August 23, 2024, McMunn filed a motion seeking an extension of time to decide the post-sentence motions. The trial court granted McMunn's request, extending the expiration date for decision on her post-sentence motions to August 26, 2024.[4] On August 28, 2024, the clerk of courts entered an order denying McMunn's post-sentence motions by

---

[4] Although the trial court granted McMunn's request, it had no authority to extend the deadline for deciding McMunn's post-sentence motion because it failed to grant a proper extension within the original 120-day period. *See* Pa.R.Crim.P. 720(B)(3)(b) (providing that the trial court may grant one thirty-day extension to decide a post-sentence motion, but only upon motion of the defendant and for good cause shown, and only if the extension is granted within the initial 120-day period). The thirty-day extension provision does not apply once that deadline passes. Thus, any ruling or extension after the expiration is invalid, and the motion is deemed denied by operation of law.

operation of law. McMunn filed a notice of appeal,[5] and both she and the trial court complied with Pa.R.A.P. 1925(b).[6]

McMunn raises the following issue for our review:

Did the trial court abuse its discretion in sentencing [McMunn] to [eighteen to sixty] months' incarceration when it failed to consider [her] personal history, character, and treatment and rehabilitative needs as required by Sections 9721(b) and 9725 of the Sentencing Code, and, instead, imposed a sentence based solely on the seriousness of [her] crimes.

McMunn's Brief at 2.

---

[5] McMunn appealed within thirty days of the order entered on August 28, 2024, deeming her post-sentence motions denied by operation of law. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal must be filed within thirty days of the entry of the order from which the appeal is taken). Ordinarily, the appeal would be untimely because the 120-day period for the trial court to decide post-sentence motions — and any permissible thirty-day extension — had already expired prior to the order, thereby rendering any subsequent ruling or order a nullity and depriving the court of jurisdiction. Nevertheless, this Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c), and a breakdown in the processes of the court grants this Court jurisdiction over an untimely appeal. **See Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa. Super. 2016) (explaining breakdown in court operation granted this Court jurisdiction over untimely appeal); **see also Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (recognizing this Court's power to grant relief in the case of a breakdown in the processes of the court); **Commonwealth v. Perry**, 820 A.2d 734 (Pa. Super. 2003) (holding clerk of court's failure to follow the criminal rules constitutes a breakdown in the court process). Accordingly, we decline to quash the appeal.

[6] Following the filing of the post-sentence motion, the sentencing judge, the Honorable Anthony Mariani retired. The case was reassigned to the Honorable Jennifer Satler, who has authored the Pa.R.A.P. 1925(a) opinion.

In her sole issue on appeal, McMunn's challenges the discretionary aspects of her sentence.[7] Challenges to the discretionary aspects of sentencing are not reviewable as of right. **See Commonwealth v. Carr**, 262 A.3d 561, 567 (Pa. Super. 2021). An appellant challenging the discretionary aspects of her sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted and brackets in original).

Here, McMunn filed a timely notice of appeal, and her brief included a statement of reasons relied upon for allowance of appeal, as required by Rule 2119(f). Additionally, McMunn filed timely post-sentence and supplemental

---

[7] When a defendant enters a guilty plea, the defendant waives the right to "challenge on appeal all non-jurisdictional defects except the legality of [the] sentence and the validity of [the] plea." **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted). However, McMunn retained the right to challenge the discretionary aspects of her sentence on appeal since the parties did not bargain for a specific sentence when negotiating the guilty plea. **See Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant could challenge the discretionary aspects of their sentence on appeal after entering a plea that negotiated a particular aspect of the sentence but did not include a sentencing agreement).

post-sentence motions in which she preserved certain challenges to the discretionary aspects of her sentence.

We therefore must review the Rule 2119(f) statement to determine if McMunn has raised a substantial question. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f). To raise a substantial question McMunn must show that her sentence is not appropriate under the Sentencing Code — that is, that it violates either a specific provision of the sentencing scheme or a fundamental norm underlying the sentencing process. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004); *see also Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

In her Rule 2119(f) statement, McMunn contends that "the sentencing court failed to consider her personal history, character, and treatment and rehabilitative needs and instead based its sentence solely on the seriousness of her offense." McMunn's Brief at 23. We conclude that McMunn's assertion that the trial court failed to adequately consider mitigating factors, rendering her sentence excessive, raises a substantial question. *See Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022) (stating "an excessive

- 9 -

sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted). We therefore will address this aspect of McMunn's sentencing claim.[8]

Our standard of review of a discretionary sentencing claim is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In [the context of sentencing], an abuse of discretion is not shown merely by an error of judgment. Rather appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (citation omitted).

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975

---

[8] We find that McMunn did not preserve every sentencing claim raised on appeal. McMunn attempts to add a claim in her Rule 2119(f) statement, arguing the sentence is excessive since it was based solely on the seriousness of the offense, without taking into consideration the relevant sentencing factors. After a thorough review of the record, we find that McMunn failed to preserve this claim for appellate review, as she did not raise it at sentencing, in her post-sentence motion, or in her supplemental post-sentence motion. *See* Pa.R.A.P. 302(a) (providing "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Nevertheless, McMunn preserved her remaining claim in the timely-filed supplemental post-sentence motion.

- 10 -

A.2d 1128, 1134 (Pa. Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Further, when a sentencing court has reviewed a PSI report, it is presumed that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence, and that the sentencing court was aware of relevant information about the defendant's character and weighed those considerations alongside mitigating statutory factors. *See Commonwealth v. Baker*, 72 A.3d 652, 664 (Pa. Super. 2013).

McMunn argues that the trial court abused its discretion following her guilty plea when it imposed a sentence "whose minimum term is at the top of the standard range and whose maximum term is more than double the aggravated range." McMunn's Brief at 25. McMunn contends that the trial court imposed an excessive sentence by failing to adequately consider mitigating circumstances. Specifically, she claims that the sentence was "clearly unreasonable" because the court failed to consider "the factors contained within Sections 9721 and 9725 of the Sentencing Code." *Id*. at 24-25. McMunn further argues that the court failed to consider "[her] rehabilitative needs, the way those needs emerged from her personal history, and the way that those needs and [her] personal characteristics should have shaped or affected her sentence. *Id*. at 24, 28-29. However, McMunn

concedes the trial court specifically noted why it rejected McMunn's mitigating evidence. **See id**. at 34-35 (*citing* to N.T., 3/20/24, at 20-21).[9]

At the sentencing hearing, the trial court stated that it had the benefit of a PSI report, which included the sentencing guidelines, and McMunn's criminal, family, and treatment history. **See** N.T., 3/20/24, at 4, 12, 21. Furthermore, before imposing McMunn's standard range sentence, the trial court "noted [that McMunn] had prior convictions for misdemeanor drug crimes which did not deter her from continuing her illegal drug use. [The trial court also] noted that her current drug use directly resulted in the death of her child." Trial Court Opinion, 12/16/24, at 4. Additionally, at the conclusion of the sentencing hearing, the trial court stated its reasoning and all the factors that it considered when imposing sentence:

> The five goals of sentencing outlined by the Pennsylvania Supreme Court in various cases are rehabilitation of the defendant, protection of the public safety, deterrence of the

---

[9] In her supplemental post-sentence motion, McMunn argued that the trial court improperly considered the victim's age when imposing sentence, asserting that the sentencing guidelines already account for victim age and that considering it again constituted impermissible double-counting. However, in her appellate brief, McMunn claims that the trial court focused on the seriousness of her crime and improperly double-counted her prior convictions or relied on unproven criminal behavior. This claim is waived for appellate review because McMunn did not raise this issue at sentencing or in her supplemental post-sentence motion, and is now asserting it for the first time on appeal. **See** Pa.R.A.P. 302(a) (providing that issues not preserved in the trial court are waived and cannot be raised for the first time on appeal); **see also Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (holding that that challenges to the discretionary aspects of a sentence are generally waived if they are not raised at the time of sentencing or in a motion to modify the sentence).

defendant from doing the conduct again, deterrence of others, and finally retribution, punishment.

The deterrence of others, [the court sees] the value of that sometimes, particularly in cases where the victims are vulnerable children, totally dependent on the actions or inactions of their parents, the person most responsible to protect them from harm.

[The court does] not think a mitigated sentence is warranted in this case for several reasons. One, [McMunn] has been going back and forth with her drug use for years. She's been brought into criminal court several times over it, and as of the date of this event that brings us here, she did not significantly change her ways, despite being responsible for three children at the time.

Her conduct led directly to the death of her child. Her conduct led directly to her not even being able to care for her other two children.

This has been a multiyear process in which [McMunn] not only failed in not committing crimes, but also that failure, multiple failures, caused the death of her child.

Standard sentencing in this case is [twelve to eighteen] months. [McMunn] is sentenced to a period of incarceration of not less than [eighteen] nor more than [sixty] months. She will serve a three-year consecutive probation. She'll be given credit for whatever time served she has against her sentence.

N.T., 3/20/24, at 20-21.

Upon review, we determine that the trial court did not abuse its discretion when imposing McMunn's sentence. **See Clemat**, 218 A.3d at 959. Here, McMunn entered an open guilty plea to involuntary manslaughter for conduct that resulted in the five-year-old decedent's tragic death from acute methadone toxicity. The trial court had broad discretion to impose any sentence up to the statutory maximum of ten years. The standard guideline range based on the OGS and McMunn's PRS was twelve to eighteen months,

plus or minus nine months for aggravating or mitigating circumstances. **See** 204 Pa. Code § 303.16(a). The trial court sentenced McMunn to eighteen to sixty months of incarceration — albeit at the top of the standard range — followed by three years of probation. The sentence imposed was within the statutory maximum of ten years for a felony of the second degree. **See** 18 Pa.C.S.A. § 1103(2).

At sentencing, the trial court confirmed that it had reviewed McMunn's PSI report. **See Baker**, 72 A.3d at 664. The trial court also stated its reasons on the record, citing McMunn's persistent drug abuse, prior convictions, the vulnerability of the victim, and the fatal consequences of her actions. Furthermore, the trial court explicitly acknowledged the statutory goals of sentencing — rehabilitation, public protection, specific and general deterrence, and retribution — and determined that a mitigated sentence was unwarranted given the seriousness of the offense and McMunn's repeated failure to reform despite prior interventions. **See Tirado**, 870 A.2d at 366. As the trial court reviewed the PSI report, considered all relevant factors under Section 9721(b), imposed a standard-range sentence, and stated its reasons on the record, we presume the court properly considered all relevant sentencing factors. Therefore, McMunn has failed to establish that the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **See Clemat**, 218 A.3d at 959. Accordingly, we find McMunn's issue without merit.

Judgment of sentence affirmed.

- 14 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  8/14/2025